UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

OWEN NICHOLS,

                        Plaintiff,                        8:25-cv-416 (BKS/ML)

v.

WILLIAM J. FAVREAU, VIVIAN JOO,
ANDREW J. WYLIE, JAMIE A.
DOUTHAT, GEORGE GRAHAM and
ERIC KWPPILA,

                        Defendants.
_____

**Appearances:**

*Plaintiff Pro Se:*
Owen Nichols
Brooklyn, NY 11201

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

Plaintiff pro se Owen Nichols brings this action against Defendants Jamie A. Douthat, William J. Favreau, George Graham, Vivian Joo, Eric Kwppila, and Andrew J. Wylie asserting claims under 42 U.S.C. § 1983 arising out of Plaintiff's state court conviction. (Dkt. No. 1). Plaintiff moved to proceed in forma pauperis. (Dkt. No. 2, 9, 15, 20, 24, 25, 28). This matter was referred to United States Magistrate Judge Miroslav Lovric for an initial review pursuant to 28 U.S.C. § 1915(e)(2) and Local Rule 72.3(d). On October 29, 2025, Magistrate Judge Lovric granted Plaintiff's most recent motion to proceed in forma pauperis, (Dkt. No. 28), and issued a Report-Recommendation recommending that Plaintiff's § 1983 claims be dismissed without

prejudice and without leave to replead, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), (Dkt. No. 33 at 12).

Plaintiff has filed timely objections to the Report-Recommendation. (Dkt. No. 35). For the reasons that follow, the Report-Recommendation is adopted.

## II.   STANDARD OF REVIEW

This Court reviews de novo those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [Report-Recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (citation omitted). Properly raised objections "must be specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "[E]ven a pro se party's objections to a Report[-]Recommendation must be specific and clearly aimed at particular findings in the magistrate [judge]'s proposal . . . ." *Machicote v. Ercole*, No. 06 Civ. 13320(DAB)(JCF), 2011 WL 3809920, at *2, 2011 U.S. Dist. LEXIS 95351, at *4 (S.D.N.Y. Aug. 25, 2011) (citation omitted). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id*.

## III.  DISCUSSION

Magistrate Judge Lovric concluded that Plaintiff's claims against Defendant Clinton County Supreme Court Justice William J. Favreau, Assistant District Attorneys Vivian Joo, Andrew Wylie, Jamie Douthat and George Graham in their individual capacities should be dismissed without prejudice and without leave to amend under 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2) based on the doctrines of judicial immunity and prosecutorial immunity. (Dkt.

No. 33 at 6–9).[1] And Magistrate Judge Lovric found that the claims against these defendants in their official capacity should be dismissed based on Eleventh Amendment immunity. (*Id.*). Finally, because Defendant Kwppila, is a legal aid attorney who is not a state actor, Magistrate Judge Lovric concluded that Plaintiff failed to state a plausible claim under 42 U.S.C. § 1983 against Defendant Kwppila. (*Id.* at 10).

While Plaintiff filed objections to the Report-Recommendation, he has not raised any objection to these determinations; Plaintiffs objections address the alleged underlying acts undertaken by the Defendants. (Dkt. No. 35). Because Plaintiff failed to raise any objection to Magistrate Judge Lovric's analysis, the Court would review the Report-Recommendation for clear error. In any event, even under de novo review, the Court agrees with Magistrate Judge Lovric's conclusions, and the Report-Recommendation is therefore adopted.

IV.    **CONCLUSION**

For these reasons, it is hereby

**ORDERED** that Magistrate Judge Lovric's Report-Recommendation (Dkt. No. 33) is **ADOPTED**; and it is further

**ORDERED** that Plaintiff's claims against Defendants Joo, Wylie, Douthat, Graham and Favreau (First, Second, Third and Fourth Causes of Action) are **DISMISSED without prejudice and without leave to replead** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2); and it is further

**ORDERED** that Plaintiff's claim against Defendant Kwppila (Fifth Cause of Action) is **DISMISSED without leave to replead** for failure to state a claim pursuant to 28 U.S.C. §§

---

[1] Magistrate Judge Lovric also noted that the Complaint fails to state a cognizable claim against Assistant District Attorney Defendants Douthat and Graham, who are identified in the caption and list of defendants but as to whom no action is attributed in the body of the Complaint. (Dkt. No. 33, at 7 n.4).

1915(e)(2)(B)(ii) and 1915A(b)(1); and it is further

    **ORDERED** that the Clerk is directed to enter judgment and close this case; and it is further

    **ORDERED** that the Clerk serve a copy of this Order on Plaintiff in accordance with the Local Rules.

    **IT IS SO ORDERED.**

Dated: <u>January 27, 2026</u>
       Syracuse, New York

*Brenda K. Sannes*
Brenda K. Sannes
Chief U.S. District Judge